IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEMARCUS A. GRESHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-084 |
| | ) | |
| STATE OF GEORGIA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings this case pursuant to 28 U.S.C. § 2254 and it is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DISMISSED** as successive, Petitioner's extraordinary motion for new trial be **DENIED AS MOOT** (doc. no. 8), and this civil action be **CLOSED**.

### I. BACKGROUND

On November 12, 2001, a Wilkes County jury convicted Petitioner of theft by taking, burglary, possession of a knife during a crime, and armed robbery.[1] (Doc. no. 1, p. 1.) Petitioner appealed his convictions to the Court of Appeals of Georgia, which affirmed his

---

[1] Georgia Department of Corrections at http://www.dcor.state.ga.us/ (follow "Find an Offender" hyperlink; then search for "Gresham, Demarcus"; last visited Sep. 30, 2016).

convictions on April 15, 2004.[2] Petitioner executed the instant federal habeas corpus petition on October 31, 2016, in the Middle District of Georgia. Because Petitioner is challenging his criminal conviction in the Superior Court of Wilkes County, located in the Southern District of Georgia, United States District Judge Hugh Lawson transferred the case to this district. (Doc. no. 3.) In the present petition, Petitioner argues he was forced to plead guilty. (See doc. no. 1, p. 1.)

On April 8, 2016, Petitioner filed a petition under 28 U.S.C. § 2254 alleging similar grounds for relief. Gresham v. Allen, CV 116-044, doc. no. 1 (S.D. Ga., Apr. 8, 2016) ("CR 116-044"). Like the present petition, in CR 116-044 Petitioner sought to challenge his 2001 Wilkes County convictions for theft by taking, burglary, possession of a knife during a crime, and armed robbery. Id. Petitioner also argued his Eighth Amendment right to be free from cruel and unusual punishment was being violated, he received ineffective assistance of counsel, and he was falsely imprisoned. See id. This Court dismissed that petition as untimely because the petition was barred by AEDPA's one-year limitations period. Id., doc. nos. 14, 16.

## II.    DISCUSSION

Pursuant to the Court's power to take judicial notice of its own records, the Court finds Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application successive. United States v. Rey, 811 F.2d 1453, 1457 n.5

---

[2]Court of Appeals of Georgia Docket at http://www.gaappeals.us/ (follow "docket" hyperlink; then search for "Gresham"; click on A04A0742; last visited Sep. 30, 2016).

(11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has neither sought nor been granted permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition. Petitioner erroneously submitted an application to this Court (doc. no. 8-1), but has not submitted an application to the Eleventh Circuit and the Eleventh Circuit has not authorized Petitioner to bring a second or successive petition. Without such authorization, this Court cannot consider Petitioner's claims, and they are subject to dismissal. See Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because he did not first file an application with the Eleventh Circuit). Because this court is without jurisdiction to entertain Petitioner's § 2254 petition, Petitioner's extraordinary motion for new trial should be denied as moot. (Doc. no. 8.)

### III. CONCLUSION

Because Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** as successive, Petitioner's motion for new trial be **DENIED AS MOOT** (doc. no. 8), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of December, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA